**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JONI ELLEN PAYTON,

   Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

   Defendant - Appellee.

No. 13-16782

D.C. No. 2:12-cv-02352-NVW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted October 23, 2015
San Francisco, California

Before: HAWKINS, SILVERMAN, and CHRISTEN, Circuit Judges.

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Joni Payton seeks review of the denial of her application for Supplemental Security Income disability benefits. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for calculation and award of benefits.[1]

Four treating physicians opined that Payton is disabled. Two state agency physicians reviewed Payton's medical record and concluded that she is not disabled. The ALJ credited the two reviewing physicians' opinions over the four treating physicians' opinions, but provided insufficient reasons for doing so. The two reviewing physicians did not review Payton's entire medical record, and their opinions should be discounted to some degree because neither of them examined Payton. 20 C.F.R. § 404.1527(c)(1). Further, the ALJ did not provide "specific and legitimate" reasons to reject the four treating physicians' opinions. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). For example, the ALJ discounted the treating physicians' opinions because they opined on the ultimate issue of disability, but "[i]n disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability—the claimant's ability to perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir.

---

[1] Because the parties are familiar with the facts we do not recount them here.

1998)). The ALJ also speculated that the treating physicians supported Payton's application for benefits out of sympathy or to avoid tension with her. There is no support for this suggestion. Other reasons cited by the ALJ for discounting the treating physicians' opinions were merely conclusory statements with no supporting explanation or examples. *Id.* at 1012–13 (Where an ALJ "rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion," he errs.).

The ALJ found that Payton lacked credibility, but the reasons he gave for this finding were not sufficiently specific, clear, and convincing. *Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014). For example, the ALJ concluded that Payton's symptoms were likely not as debilitating as she claimed because, at times, some of her symptoms responded to treatment, allowing her to carry on daily activities. But "[o]ccasional symptom-free periods" are not necessarily inconsistent with Payton experiencing chronic, disabling pain, *Lester*, 81 F.3d at 833, and "impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day," *Garrison*, 759 F.3d at 1016. The ALJ also concluded from

3

the fact that Payton failed to stop smoking that her respiratory symptoms were not as severe as alleged, but her failure to stop smoking may only indicate that Payton is addicted to tobacco.

The vocational expert testified that based on Payton's symptom testimony she "would not be able to sustain competitive employment." The medical evidence from Payton's four treating physicians supports this conclusion. We remand to the ALJ for calculation and award of benefits.

REVERSED AND REMANDED.