**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEXIA M. COLTER, | No.    15-15744 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01294-BSB |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Bridget S. Bade, Magistrate Judge, Presiding

Argued and Submitted March 16, 2017
San Francisco, California

Before:  TALLMAN and WATFORD, Circuit Judges, and GUIROLA,[**] Chief District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Louis Guirola, Jr., Chief United States District Judge for the Southern District of Mississippi, sitting by designation.

Alexia M. Colter appeals the district court's decision affirming the denial of her application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and her application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's decision de novo and the administrative law judge's (ALJ) decision for substantial evidence. *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014). We reverse the district court's decision and remand to the Commissioner for further proceedings.

The ALJ did not provide specific, clear, and convincing reasons to support her finding that Colter's daily activities were inconsistent with Colter's complaints of pain and fatigue. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-38 (9th Cir. 2014). In rejecting Colter's complaints, the ALJ cited daily activities that would have occupied only a small portion of Colter's day. The ALJ did not specifically find that Colter would have been capable of performing those activities for a substantial portion of the day or that those activities could be transferred to a work setting. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

The ALJ did not provide specific, legitimate reasons supported by substantial evidence for assigning reduced weight to the medical opinion of Colter's neurologist, Dr. Nirmala Aryal. *See Bray v. Comm'r of Soc. Sec. Admin.*,

2

554 F.3d 1219, 1228 (9th Cir. 2009). The ALJ discredited Dr. Aryal's opinion that Colter's headaches prevented employment, because Colter had experienced periods of improvement. The ALJ failed to analyze the periods of improvement in the context of Colter's treatment history to ensure that the improvement was not temporary. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) (explaining that treatment records reflecting improvement "must be viewed in light of the overall diagnostic record"). The ALJ also referenced Colter's motor strength and her ability to walk on her heels and toes and perform tandem walking, but the ALJ failed to explain how these findings disproved the severity or frequency of Colter's headaches. Furthermore, the ALJ's assertion that Dr. Aryal's opinion may be affected by sympathy or a desire to avoid tension is speculative and unsupported. *See Lester*, 81 F.3d at 832; *see also Payton v. Colvin*, 632 F. App'x 326, 327 (9th Cir. 2015).

The ALJ did not provide specific, legitimate reasons supported by substantial evidence for assigning reduced weight to the medical opinion of Colter's rheumatologist, Dr. Michael Fairfax. The ALJ found, without further explanation, that other, unspecified evidence in the record was inconsistent with Dr. Fairfax's findings. The ALJ also relied on a very limited discussion of Colter's daily activities to support rejecting Dr. Fairfax's opinion. The ALJ erred by: (1)

3

failing to identify the specific evidence that contradicted Dr. Fairfax's opinion, and (2) failing to assess whether Colter could perform her daily activities for a substantial part of the day in a work environment. *See Garrison*, 759 F.3d at 1012 ("The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." (quotation omitted)); *Morgan*, 169 F.3d at 600 ("If a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations.").

Despite the ALJ's erroneous findings, the record as a whole raises doubts as to whether Colter is disabled within the meaning of the Social Security Act. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1107 (9th Cir. 2014). Therefore, we remand to the district court with instructions to remand to the Commissioner of Social Security for further proceedings.

Appellee shall bear all costs of appeal. *See* Fed. R. App. P. 39(a)(3).

**REVERSED AND REMANDED.**